IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

STATESBORO DIVISION

l PRIORITY ENVIRONMENTAL            )
SERVICES, LLC,                      )
                                    )
        Plaintiff,                  )
                                    )
    v.                              )        CV 623-035
                                    )
ZMC HOTELS, LLC;                    )
ZAC II KMAC II, LLC;                )
ZENITH ASSET COMPANY II, LLC;       )
ZAC HOLDINGS, INC.;                 )
HALL EQUITIES GROUP; and            )
ABC, INC. l,                        )
                                    )
        Defendants.                 )
                                    _____

**O R D E R**

_____

Before the Court are Plaintiff's motion to amend, (doc. no. 16), and Defendants' motion to stay, (doc. no. 18).  The Court addresses each motion in turn.

**I.      Motion to Amend**

Plaintiff has filed a consent motion to allow amendment of the complaint to correct the name of Defendant ZAC Holdings, Inc. to ZAC Holdings, LLC.  (Doc. no. 16.)  As a general rule, leave to amend under Fed. R. Civ. P. 15(a) is given freely.  Foman v. Davis, 371 U.S. 178, 182 (1962); Wedemeyer v. Pneudraulics, Inc., 510 F. App'x 875, 878 (11th Cir. 2013) (*per curiam*).  That said, leave to amend is not guaranteed, and a trial court may deny such leave "in the exercise of its inherent power to manage the conduct of litigation before it." Reese v. Herbert, 527 F.3d 1253, 1263 (11th Cir. 2008).  "In making this determination, a

court should consider whether there has been undue delay in filing, bad faith or dilatory motives, prejudice to the opposing parties, and the futility of the amendment." <u>Saewitz v. Lexington Ins. Co.</u>, 133 F. App'x 695, 699 (11th Cir. 2005) (*per curiam*) (quoting <u>Foman</u>, 371 U.S. at 182).  In the Eleventh Circuit, a proposed amendment is futile when the allegations of the proffered complaint would be unable to withstand a motion to dismiss.  <u>Cockrell v. Sparks</u>, 510 F.3d 1307, 1310 (11th Cir. 2007).

Here, the Court finds no reason to deny the request to amend.  All defendants who have appeared in this action consent to amendment, and there is no evidence any party has acted in bad faith or the amendment would be futile or subject any party to unfair prejudice. Accordingly, the Court **GRANTS** the motion.  (Doc. no. 16.)  Plaintiff shall have seven days from the date of this Order to file the amended complaint as a stand-alone entry on the docket. Upon the filing of the amended complaint, the Clerk shall update the parties and names on the docket as indicated by the new caption.

## II.    Motion to Stay

The Court **GRANTS** Defendants' consent motion to stay discovery, (doc. no. 18), and **STAYS** all discovery pending a ruling on the motion to compel arbitration, (doc. no. 15).  The parties shall confer and submit a Rule 26(f) Report, with proposed case deadlines, within seven days of the presiding District Judge's ruling.  In the event the presiding District Judge, in his ruling on the pending motion, provides further instructions to the parties that justifies continuation of the stay, the parties shall inform the undersigned to that effect in a status report to be filed within seven days of the presiding District Judge's ruling.

**III.    Conclusion**

For the reasons explained above, the Court **GRANTS** the motion to amend, (doc. no. 16), and the motion to stay discovery pending a ruling on the motion to compel arbitration, (doc. no. 18).

SO ORDERED this 15th day of June, 2023, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

3